UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY DENNIS BROOKS PARPART,

    Petitioner,                                      Case No. 13-cv-12221
                                                                     HON. BERNARD A. FRIEDMAN

vs.

7TH JUDICIAL CIRCUIT COURT, et al.,

    Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSNG THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

**I.    Introduction**

Jerry Parpart ("petitioner") is incarcerated at the Lakeland Correctional Facility in Lakeland, Michigan and he filed this petition for writ of habeas corpus. According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS) website, petitioner was sentenced on March 31, 1994, in the Genesee Circuit Court to six concurrent terms of 40-to-60 years imprisonment for his conviction of six counts of first-degree criminal sexual conduct.[1] The petition, however, makes no mention of the aforementioned conviction and sentence. Instead, petitioner asserts that he was illegally detained in the Genesee County Jail in violation of his Fourth and Fourteenth Amendment rights. Specifically, petitioner argues that: (1) the police lacked probable cause to arrest him and (2) the criminal complaint lacked a sufficient factual basis upon which a finding of probable cause could be made.

---

[1] Pursuant to Fed. R. Evid. 201(c), the Court may take judicial notice of the information provided on OTIS. *See Daly v. Burt*, 613 F. Supp. 2d 916, 920 n.2 (E.D. Mich. 2009).

**II.     Analysis**

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Summary dismissal of a habeas petition is warranted where it plainly appears from the face of the petition that petitioner is not entitled to habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

To the extent petitioner challenges his pretrial detainment, the Court is without jurisdiction to consider his claims because he is no longer in the custody of Genesee County. Habeas corpus is available only on the ground that a person is "in custody" in violation of the federal Constitution or laws. 28 U.S.C. §§ 2241(c), 2254(a). The Supreme Court has made it clear that the "in-custody" requirement is a prerequisite for subject-matter jurisdiction. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Since petitioner is no longer confined pursuant to the initial arrest warrant or the criminal complaint, he is not entitled to habeas relief on the grounds enumerated in his petition.

Even if the Court construed the petition as challenging the legality of his present incarceration, it is still subject to summary dismissal because the propriety of an arrest is irrelevant to the constitutional validity of any subsequent conviction. "An illegal arrest, without more, has never been viewed as a bar to subsequent prosecution." *United States v. Crews*, 445 U.S. 463, 474 (1980). The Supreme Court has made it clear that the presence or absence of

probable cause sufficient to arrest or detain an individual is irrelevant to the ultimate validity of an ensuing convictions. *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (stating that a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause); *accord United States v. Saussy*, 802 F.2d 849, 851-852 (6th Cir. 1986) (absence of probable cause to support issuance of warrant does not undermine conviction).  Here, petitioner is currently incarcerated with the Michigan Department of Corrections pursuant to his judgment of conviction.  The presence or absence of probable cause to support the initial accusatory instrument is irrelevant to the continuing validity of that custody.  Consequently, petitioner's claims do not entitle him to habeas relief.

Furthermore, the Court will deny a certificate of appealability.  A certificate of appealability will issue upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to establish that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-484 (2000).  In this case, petitioner failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).  The Court will similarly deny petitioner leave to appeal *in forma pauperis* as an appeal would otherwise be frivolous.

Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is denied.

                                        _s/ Bernard A. Friedman_____
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated: _May 31, 2013_____
       Detroit, Michigan